## BRACKETT *Ex'r vs.* MOUNTFORT.

Where the defendant acknowledged, within six years from the commencement of the action, that the claim of the plaintiff " was once due, but that he had paid it years before *by having an account* against him," it was held not to be sufficient to take the case out of the operation of the statute of limitations, though the defendant filed no account in offset, nor offered proof of one.

ASSUMPSIT on a promissory note dated in 1817, by which the defendant promised to pay the plaintiff's testator $65,85 on demand, with interest.

The defendant relied on the statute of limitations in his defence ; and also upon the fact of there having been a material alteration of the note, whereby its validity had been destroyed.

The counsel for the plaintiff, contended that if the note was impaired or destroyed by such alteration, still the original cause of action remained unimpeached ; and that as the note was given for a balance of account then due, the action was maintainable, if not defeated by the statute of limitations, for that balance, on the count upon an *insimul computassent*.

To prove a new promise within six years before the commencement of the action, evidence was offered tending to show, that the defendant acknowledged that the above balance was due and that he was willing to pay it. To rebut this evidence, witnesses were called by the defendant who testified that they were present at the above conversation, and that the declaration of the defendant, was, that the above balance was once due, but that he had paid it ten years before by having an account against the testator.

The counsel for the plaintiff contended, that, as no account had been filed in set-off by the defendant, he could not in any manner, avail himself, in this action, of this account by which he said he had paid the balance ; and that, therefore, the confession of the existence of the above balance as a debt due was not contradicted or impaired by such addition.

But *Parris J.* who tried the cause, instructed the jury that the confessions of the defendant must all be taken together ; and that, as when he acknowledged the existence of the above balance he stated also that he had paid it years before by having an account against the testator, it did not amount to such an acknowledgment

Brackett Ex'r *v.* Mountfort.

of indebtedness as would avoid the bar of the statute of limitations ; and that it was not incumbent on the defendant either to file his account in offset or to prove it as payment.

If these instructions were wrong, the verdict, which was for the defendant, was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon.

*Mellen* and *Longfellow,* for the defendant, maintained the positions taken at the trial, to show that the action and was maintainable for the original cause of action, they cited *Clark* v. *Leach,* 10 *Mass.* 51 ; *Varner* v. *Nobleboro',* 2 *Greenl.* 121 ; *Banorgee* v. *Hovey,* 5 *Mass.* 11 ; *Thatcher* v. *Dinsmore,* 5 *Mass.* 299 ; *Johnson* v. *Johnson,* 10 *Mass.* 350.

*Fsssenden & Deblois,* for the defendant, cited *Saunds* v. *Gelston,* 15 *Johns.* 511 ; *Perley* v. *Little,* 3 *Greenl.* 97 ; *Norcroft* v. *Summers,* 4 *M. & S.* 457 ; *Porter* v. *Hill,* 4 *Greenl.* 41.

Weston C. J. — No question is raised as to the note. The defendant relies upon the statute of limitations to bar the account. And it is barred, unless the plaintiff adduced at the trial, evidence, competent to take the case out of the statute.

The only point really presented for our consideration is, whether the effect of the statute of limitations, which was otherwise a good bar, was removed by the testimony adduced in the case, taken alogether. Unless it was, the defendant is entitled to the protection of the statute. The testimony for the plaintiff was sufficient for this purpose; but it is the rebutting testimony, which the jury must have believed, to which our attention is directed. That contains no promise to pay, express or conditional. It must then have amounted to an admission of indebtedness, or upon principles now well settled, the bar is not removed. It would be a most unauthorized perversion of language, worthy only of the old cases, which have been so justly repudiated, to extract from what the defendant said, an admission that he was then indebted to the plaintiff. This he expressly denied. He insisted that he had paid the debt. Until the plaintiff had taken the case out of the statute by affirmative proof, in which he failed altogether, the defendant was under no obligation to prove how he paid him. It

was not necessary that he should file an account in offset. And
if he had filed one, he had no occasion to prove it. The statute
was a sufficient defence for him, until repelled by counter proof,
which although attempted was not done.

*Judgment on the verdict.*